UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT SMITH,**     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-5737** |
| **K&G CLOTHING STORE.**     **Defendant** | **SECTION "E"** |

### ORDER

Before the Court is a Motion to Dismiss filed by defendant K&G Clothing Store ("K&G").[1] *Pro se* plaintiff Robert Smith ("Smith") did not file an opposition to K&G's motion.

### BACKGROUND

Smith filed suit against K&G on September 3, 2013. Smith claims he was embarrassed, defamed, and humiliated after an alleged incident between him and the manager of a K&G store.[2] K&G thereafter moved to dismiss Smith's claims under Federal Rule of Civil Procedure 12(b)(6), arguing Smith's complaint failed to state a claim upon which relief can be granted. K&G maintains Smith has not sufficiently pleaded a defamation claim and therefore Smith's claim should be dismissed.

### STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief. *Bell*

---

[1] R. Doc. 5.

[2] R. Doc. 1.

1

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzales v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 128 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A Claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - that the pleader is entitled to relief." *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

The Court cannot look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing Smith's complaint, the Court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to Smith. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief." *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## ANALYSIS

Smith's *pro se* complaint alleges he was at a K&G store on November 23, 2012, when

the manager told him to leave. Smith claims the manager mistook him for someone else, but nevertheless "put [him] out [of] the store" and called the police. Smith asserts he was embarrassed, humiliated and defamed because of the incident.

K&G argues Smith has not set forth factual allegations in support of his claim that would entitled him to relief. A claim for defamation requires: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. *Costello v. Hardy*, 864 So.2d 129, 139 (La. 2004).

"Malice" (or fault) is defined as a lack of reasonable belief in the truth of the statement giving rise to the defamation. *Costello*, 864 So.2d at 143, n. 14. In cases involving statements made about a public figure, where constitutional limitations are implicated,[3] a plaintiff must prove "actual malice," *i.e.*, that the defendant either knew the statement was false or acted with reckless disregard for the truth. *Romero v. Thomson-Newspapers (Wisconsin), Inc.,* 648 So.2d 886, 869 (La. 1995). Because Smith is not a public figure, the statements do not involve matters of public concern which would trigger Constitutional protections and require a showing of "actual malice."

Even accepting all facts in Smith's complaint as true and construing all of Smith's factual allegations in his favor, he has not stated a claim that is "plausible on its face." *Ashcroft*, 556 U.S. at 678. A *pro se* complaint "must be read liberally and should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). However, Smith's complaint falls well short of setting forth

---

[3]Speech on matters of public concern enjoy enhanced Constitutional protection. *Romero*, 648 So.2d at 869 (citing *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749 (1985)).

3

factual allegations to support his claim of defamation. As K&G points out, Smith's complaint does not allege what statements were made nor has he pleaded the statements were published to a third party. Further, Smith has not alleged any facts indicating the manager lacked a reasonable belief in the truth of the statements which would constitute "malice."

Because Smith is *pro se*, the Court will allow him to amend his complaint to address the issues raised by K&G's motion to dismiss discussed above. Under Federal Rule of Civil Procedure 15(a), the Court should freely grant leave to amend "when justice so requires."

## CONCLUSION

Accordingly, **IT IS ORDERED** that K&G's Motion to Dismiss be and hereby is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Smith may file a motion for leave to amend his complaint within **fourteen (14) days** of the entry of this Order. K&G is free to re-urge its motion to dismiss within the time period provided for in the Local Rules after service of Smith's amended complaint. In the event Smith fails to timely file a motion for leave to amend, K&G is free to re-urge its motion to dismiss at any time after Smith's deadline for filing a motion for leave to amend has passed.

**New Orleans, Louisiana, this 4th day of February, 2014.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**